AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Montana

United States of America
v.
Humberto Horiol Medina Villarreal

Case No: CR 20-24-BU-DLC
USM No: 18138-046

Date of Original Judgment: 07/15/2021
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 143.) Part B applies only to zero-point offenders and Part A limits the impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. *See* USSG App. C, amend. 821 (Nov. 1, 2023). "A defendant is ineligible for a sentence reduction if the relevant amendment does not have the effect of lowering the defendant's applicable guideline range." *United States v. Mercado-Moreno*, 869 F.3d 942, 949 (9th Cir. 2017); USSG §1B1.10(a)(2)(B) (2023). Here, Defendant had a total criminal history score of 19 after receiving two "status points" for committing the instant offense while under conditional release. (PSR ¶¶ 88–90.) However, because Criminal History Category VI includes all defendants with 13 or more total Criminal History Points, Defendant's Criminal History Category would be VI, even without status points. *See* USSG Ch.5, Pt.A, Sentencing Table. Therefore, Defendant is ineligible for a sentence reduction because Amendment 821 "does not have the effect of lowering the defendant's applicable guideline range," *Mercado-Moreno*, 869 F.3d at 949, and his motion is denied.

Defendant's motion makes additional requests of this Court. First, his request to "fix" his credit for time served in state custody should be directed to the Bureau of Prisons. "A sentencing court cannot tell the Bureau of Prisons how much credit a defendant should receive for time in custody before his sentencing date. *See United States v. Wilson*, 503 U.S. 329, 333–36 (1992). Second, because he was sentenced in 2021, Defendant's sentence reflects the base offense level calculations that were enacted in November 2014 through Amendment 782, including the two-point reduction for nonviolent drug offenses. (*See* PSR ¶ 62.) Third, the Clerk of Court has sent Defendant courtesy copies of his docket sheet and plea agreement, explaining additional documents may be requested at his expense.

Except as otherwise provided, all provisions of the judgment dated _____ shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 05/07/2024

Judge's signature

Dana L. Christensen, District Judge
*Printed name and title*

Effective Date: _____
*(if different from order date)*